OPINION OF THE COURT. — By the
Hok. JOSHUA CHILD.
This is a writ of error brought to reverse a judgment recovered by de« fendant in error, in the circuit court of Lawrence county.
Errors assigned at this term, and in nullo esi erratum pleaded.
The action in this case was in assumpsit; and the declaration contained but a single count, for money had and received.
The pleas are non assumpsit and payment.
The questions upon the record, now before the court, fully appear by the record.
It nowhere appears in the proceedings of the court below, that excep. tion was taken on the trial to the sufficiency of the evidence to sustain the action on the money count, upon the first issue; or that the transfer of the attorney’s receipt was an absolute payment; or that either of these points was at all in controversy, during its progress: and upon a writ of error, this ■court cannot travel out of the record, to raise questions arising out of the ■evidence, which do not appear in the bill of exceptions.
This view of the case places the entire controversy, between the parties, upon the single issue, and the plea of payment: and here the counsel fer the plaintiff in error insists that the defendant in error, on the acceptance of Hull’s receipt, was bound to prove a demand;, and notice, as in the ■case of a bill of exchange; and also that he must prove that the funds so secured, for the payment of the claim, had not been available; and that the latter part could only be established by the record of the proceeding, in the suit brought upon the claim against Fuqua & Richardson.
I am clearly of opinion that the reverse of these propositions, will hold good in law. The transfer of an attorney’s receipt, for the collection of *363 money, by endorsement and delivery, is not a legal assignment of the claim, before the commencement of the suit, during its progress, or after the rendition of judgment; and therefore cannot be assimilated to negotiable paper.
For aught appears, the suit was brought against Fuqua & Richardson, by the first holder of the receipt; who was the defendant below and it progressed in his name till final judgment. A plaintiff in action is fairly presumed to be better informed of his own business than a third person; and it would certainly be ceding a novel principle, if a third person could be required to give notice to a plaintiff of the result of his own suit; unless he were his attorney at law, or agent in fact.
The true legal ground upon which this case ought to have turned, in the court below, is this: the defendant there, who is the plaintiff in error, ought to have been required to show that the claim against Fuqua & Richardson had been satisfied; and received by Spencer & Lea inpayment; or that it had been lost by their omission and negligence to call for the proceeds. Because the transfer of the attorney’s receipt might have been an excuse to him for paying over the money to the holder, after it was collected.
The decision of this point disposes of the remaining questions propounded for our consideration; for, in that event, proof of demand and notice could not be required; or the plaintiff below called upon to produce the defendant’s record.
The adoption of a different rule would compel the plaintiff below to prove a negative, and require him to show that his claim h,ad not been satisfied, instead of exacting proof of the defendant, to establish his plea of payment, affirmatively, by showing a legal discharge of the plaintiff’s demand against him.
It has, however, been stated at the bar, that the sum of eight or nine dollars had been recovered in the suit against Fuqua & Richardson. That can make no difference in principle; because it does not appear that even that small sum has been applied to the payment of plaintiff’s demand; or lost by his negligence. Judgment affirmed.
Judge Black concurred.